MORGAN, LEWIS & BOCKIUS LLP
(A Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, New Jersey 08540
609-919-6600
Rene M. Johnson
Jaime N. Morris
**Attorneys for Defendants**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANN MARIE ANCHETA, KAROLYNE PRATTS AND ORNELL CARNEY, jointly, severally and in the alternative,<br><br>　　Plaintiffs,<br>　　v.<br><br>PARSONS, SONYAE A. TURNER, DAVID DUFFY, GREGG NATOSI, SCOTT GANDY, WARREN DUNLAP, BRIAN BUDDY AND JOHN DOE AGENTS, SERVANTS AND EMPLOYEES OF PARSONS RESPONSIBLE FOR THE HOSTILE WORK ENVIRONMENT, HARASSMENT AND RETALIATION (PLURAL 1-10) jointly, severally and in the alternative,<br><br>　　Defendants. | Civil Action No. 09-563<br><br><br><br><br><br>Document Electronically Filed |

**DEFENDANT SONYAE A. TURNER'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Sonyae A. Turner, by her attorneys, Morgan, Lewis & Bockius LLP, hereby responds to the numbered allegations in the Complaint of Plaintiffs Ann Marie Ancheta, Karolyne Pratts and Ornell Carney ("Plaintiffs") as follows:

## **COUNT ONE**

1.      Defendant Turner is without sufficient knowledge or sufficient information to form a belief as to whether Plaintiffs Ancheta and Pratts are "homosexual partners." Defendant Turner denies the remaining allegations in Paragraph 1 of Count One of the Complaint

2.      Admitted.

3.      Defendant Turner is without sufficient knowledge or sufficient information to form a belief as to whether a red condom was in fact placed in Plaintiff Pratts' work mailbox or whether Plaintiff Pratts discussed the alleged red condom incident with Defendant Brian Buddy. Defendant Turner is also without sufficient knowledge or sufficient information to form a belief as to whether other employees in fact made inappropriate comments to Plaintiffs outside of her presence. By way of further information, Defendant Turner states that she has not witnessed any other employees ridiculing or making inappropriate comments towards Plaintiffs Ancheta or Pratts with regard to their sexual orientation. To the extent any of the allegations set forth in Paragraph 3 of Count One of the Complaint constitute legal conclusions, no response by Defendant Turner is required to such allegations. Defendant Turner denies any remaining allegations applicable to her that are set forth in Paragraph 3 of Count One of the Complaint.

4.      Defendant Turner admits that Plaintiff Ancheta went out on a medical leave of absence in June 2007. Defendant Turner objects to Plaintiff Ancheta's characterization of her medical leave of absence as being one under the "Federal Medical Leave Act." Such characterization is a legal conclusion that requires no responsive pleading. Defendant Turner further admits that at one point in time Plaintiff Ancheta exceeded her allotted twelve (12) weeks of leave time and was disciplined accordingly. Defendant Turner is without sufficient information or knowledge to form a belief as to whether Plaintiff Ancheta created and/or promoted a Union petition involving

vacation issues or whether Plaintiff Ancheta has gone to psychological therapy outside of work. Defendant Turner admits that Plaintiff Ancheta submitted an Employee Statement on or around January 31, 2008, which contained allegations of harassment and which made reference to Defendants Gandy and Duffy. To the extent any of the allegations set forth in Paragraph 4 of Count One of the Complaint constitute legal conclusions, no response by Defendant Turner is required to such allegations. Upon information and belief, Defendant Turner denies the remaining allegations set forth in Paragraph 4 of Count One of the Complaint.

5. Upon information and belief, Defendant Turner denies the allegations set forth in Paragraph 5 of Count One of the Complaint.

6. Defendant Turner admits that on February 6, 2008, Plaintiff Ancheta, Plaintiff Ancheta's brother Jonathan Ancheta, Plaintiff Pratts and Plaintiff Carney called out sick from their assigned work locations at the Mays Landing Inspection Station where they worked. By way of further response, Defendant Turner states that the company investigated said employees' conduct and concluded that they had participated in a work stoppage in violation of the Collective Bargaining Agreement and Parsons Standard Operating Procedure 40.4.1, and that Plaintiff Carney had also engaged in lewd conduct. The employees, with the exception of Plaintiff Pratts, were terminated on February 15, 2008. Each of the employees subsequently filed a contractual grievance contending that they had been wrongfully terminated because they did not participate in a work stoppage. They each alleged excuses for their absence on the date in question, and claimed that their absences were not coordinated. Nowhere on any of the grievance forms did the employees complain of a hostile work environment. The grievances were denied, and the matter was referred to the New Jersey State Board of Medication for Arbitration. An Arbitration hearing was held on October 21, 2008 before Arbitrator Gerard A. Restaino. Defendant Turner is

without sufficient information or knowledge to form a belief as to whether Plaintiff Carney in fact witnessed any statements allegedly made about Plaintiffs Ancheta and Pratts by their co-workers. To the extent any of the allegations set forth in Paragraph 6 of Count One of the Complaint constitute legal conclusions, no response by Defendant Turner is required to such allegations. Upon information and belief, Defendant Turner denies the remaining allegations set forth in Paragraph 6 of Count One of the Complaint.

7. Defendant Turner admits that Arbitrator Restaino issued an Arbitration Award. By way of further response, Defendant Turner states that the Arbitration Award attached as Exhibit A to the Complaint speaks for itself. Any allegations purporting to characterize its express language are denied. Furthermore, to the extent the allegations set forth in Paragraph 7 of the Complaint constitute legal conclusions, no response by Defendant Turner is required to such allegations. Defendant Turner denies any remaining allegations set forth in Paragraph 7 of Count One of the Complaint.

Defendant Turner denies that Plaintiffs are entitled to recover any damages or other relief, including the relief requested in the WHEREFORE paragraph of Count One of the Complaint.

WHEREFORE, Defendant Turner demands judgment dismissing Count One of Plaintiffs' Complaint with prejudice and awarding Defendant Turner reimbursement of costs and attorneys' fees incurred in defending this suit and further relief as the Court may deem proper.

## COUNT TWO

1. Defendant Turner incorporates by reference her answers to Paragraphs 1-7 of Count One as if fully repeated.

2. To the extent the allegations set forth in Paragraph 2 of Count Two of the Complaint constitute legal conclusions, no response by Defendant Turner is required to such allegations. Furthermore, to the extent that the allegations contained in Paragraph 2 of Count Two of the Complaint are not directed to Defendant Turner, no response is necessary. Defendant Turner denies any remaining allegations set forth in Paragraph 2 of Count Two of the Complaint.

3. To the extent the allegations set forth in Paragraph 3 of Count Two of the Complaint constitute legal conclusions, no response by Defendant Turner is required to such allegations. Furthermore, to the extent the allegations set forth in Paragraph 3 of Count Two of the Complaint constitute legal conclusions, no response by Defendant Turner is required to such allegations. Defendant Turner denies any remaining allegations set forth in Paragraph 3 of Count Two of the Complaint.

4. To the extent the allegations set forth in Paragraph 4 of Count Two of the Complaint constitute legal conclusions, no response by Defendant Turner is required to such allegations. Furthermore, to the extent the allegations set forth in Paragraph 4 of Count Two of the Complaint constitute legal conclusions, no response by Defendant Turner is required to such allegations. Defendant Turner denies any remaining allegations set forth in Paragraph 4 of Count Two of the Complaint.

Defendant Turner denies that Plaintiffs are entitled to recover any damages or other relief, including the relief requested in the WHEREFORE paragraph of Count Two of the Complaint.

WHEREFORE, Defendant Turner demands judgment dismissing Count Two of Plaintiffs' Complaint with prejudice and awarding Defendant Turner reimbursement of costs and attorneys' fees incurred in defending this suit and further relief as the Court may deem proper.

## COUNT THREE

1. Defendant Turner incorporates by reference her answers to Paragraphs 1-7 of Count One and Paragraphs 1-4 of Count Two as if fully repeated.

2. To the extent the allegations set forth in Paragraph 2 of Count Three of the Complaint constitute legal conclusions, no response by Defendant Turner is required to such allegations. Furthermore, to the extent the allegations set forth in Paragraph 2 of Count Three of the Complaint constitute legal conclusions, no response by Defendant Turner is required to such allegations. Defendant Turner denies any remaining allegations set forth in Paragraph 2 of Count Three of the Complaint.

3. To the extent the allegations set forth in Paragraph 3 of Count Three of the Complaint constitute legal conclusions, no response by Defendant Turner is required to such allegations. Furthermore, to the extent the allegations set forth in Paragraph 3 of Count Three of the Complaint constitute legal conclusions, no response by Defendant Turner is required to such allegations. Defendant Turner denies any remaining allegations set forth in Paragraph 3 of Count Three of the Complaint.

4. To the extent the allegations set forth in Paragraph 4 of Count Three of the Complaint constitute legal conclusions, no response by Defendant Turner is required to such allegations. Furthermore, to the extent the allegations set forth in Paragraph 4 of Count Three of the Complaint constitute legal conclusions, no response by Defendant Turner is required to such

DB1/62633023.1

allegations. Defendant Turner denies any remaining allegations set forth in Paragraph 4 of Count Three of the Complaint.

Defendant Turner denies that Plaintiffs are entitled to recover any damages or other relief, including the relief requested in the WHEREFORE paragraph of Count Three of the Complaint.

WHEREFORE, Defendant Turner demands judgment dismissing Count Three of Plaintiffs' Complaint with prejudice and awarding Defendant Turner reimbursement of costs and attorneys' fees incurred in defending this suit and further relief as the Court may deem proper.

## **COUNT FOUR**

1.  Defendant Turner incorporates by reference her answers to Paragraphs 1-7 of Count One, Paragraphs 1-4 of Count Two, and Paragraphs 1-4 of Count Three as if fully repeated.

2.  To the extent the allegations set forth in Paragraph 2 of Count Four of the Complaint constitute legal conclusions, no response by Defendant Turner is required to such allegations. Furthermore, to the extent the allegations set forth in Paragraph 2 of Count Four of the Complaint constitute legal conclusions, no response by Defendant Turner is required to such allegations. Defendant Turner denies any remaining allegations set forth in Paragraph 2 of Count Four of the Complaint.

3.  To the extent the allegations set forth in Paragraph 3 of Count Four of the Complaint constitute legal conclusions, no response by Defendant Turner is required to such allegations. Furthermore, to the extent the allegations set forth in Paragraph 3 of Count Four of the Complaint constitute legal conclusions, no response by Defendant Turner is required to such

allegations. Defendant Turner denies any remaining allegations set forth in Paragraph 3 of Count Four of the Complaint.

Defendant Turner denies that Plaintiffs are entitled to recover any damages or other relief, including the relief requested in the WHEREFORE paragraph of Count Four of the Complaint.

WHEREFORE, Defendant Turner demands judgment dismissing Count Four of Plaintiffs' Complaint with prejudice and awarding Defendant Turner reimbursement of costs and attorneys' fees incurred in defending this suit and further relief as the Court may deem proper.

## COUNT FIVE

1.  Defendant Turner incorporates by reference her answers to Paragraphs 1-7 of Count One, Paragraphs 1-4 of Count Two, Paragraphs 1-4 of Count Three, and Paragraphs 1-3 of Count Four as if fully repeated.

2.  The allegations contained in Paragraph 2 of Count Five of the Complaint are not directed to Defendant Turner and thus no response is necessary.

Defendant Turner denies that Plaintiffs are entitled to recover any damages or other relief, including the relief requested in the WHEREFORE paragraph of Count Five of the Complaint.

WHEREFORE, Defendant Turner demands judgment dismissing Count Five of Plaintiffs' Complaint with prejudice and awarding Defendant Turner reimbursement of costs and attorneys' fees incurred in defending this suit and further relief as the Court may deem proper.

## AFFIRMATIVE AND GENERAL DEFENSES

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred, in whole or in part, because Defendant Parsons exercised reasonable care to prevent and correct promptly any discriminatory or harassing behavior and Plaintiffs unreasonably failed to take advantage of preventative and corrective opportunities provided by Defendant Parsons or to otherwise avoid harm.

3. Punitive damages are not available against Defendant because Defendant made a good faith effort to comply with the law.

4. To the extent Plaintiffs have failed to take reasonable steps to mitigate their damages, their claims are barred or their remedies diminished.

5. Plaintiffs have suffered no damages from the conduct alleged in the Complaint.

6. Plaintiffs' claims are barred, in whole or in part, by the exclusivity provision set forth under the applicable Worker's Compensation Law.

7. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations, laches, waiver, estoppel or other equitable defenses.

8. Plaintiffs' claims are barred, in whole or in part, because Plaintiff failed to join necessary and indispensable parties.

9. Plaintiffs' claims are barred by the doctrine of unclean hands.

10. Plaintiffs' claims against Defendant Turner are without merit because there is no individual liability in this matter.

11. Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to exhaust their administrative and/or contractual remedies.

12. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have elected an exclusive remedy.

13. Defendant Turner reserves the right to add other defenses as additional information is gathered during discovery.

WHEREFORE, Defendant Turner respectfully requests: (1) that Plaintiffs take nothing by this action; (2) that judgment be entered in favor of Defendant Turner and against Plaintiffs on all causes of action; (3) that Defendant Turner be awarded her costs of suit herein incurred; (4) that Defendant Turner be awarded her attorneys' fees; and (5) that the Court award Defendant Turner such other and further relief as it deems proper.

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

Attorneys for Defendants Parsons Inspection & Maintenance Corporation, Sonyae A. Turner, David Duffy, Gregg Natosi, Scott Dunlap, Warren Dunlap, and Brian Buddy

Dated: March 2, 2009

s/ Rene M. Johnson
Rene M. Johnson
Jaime N. Morris
502 Carnegie Center
Princeton, New Jersey 08540-6241

DB1/62633023.1